UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOYCE LAMARR BLANCHARD, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No: 4:15CV1617 HEA ) ) |
| ELLIS McSWAIN, | ) ) |
| Respondent. | ) |

## **OPINION, MEMORANDUM AND ORDER**

Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. No.1]. Respondent filed a Response to the Court's Order to Show Cause Why Relief Should Not be Granted. Petitioner has filed his Reply to Response to Order to Show Cause. For the reasons set forth below, the Response to the Order to Show Cause Why Relief Should not be Granted is well taken and the petition will be denied. Since the filing of the Petition, Petitioner has been released on parole.

### **Facts and Procedural Background**

The Missouri Court of Appeal summarized the relevant facts in its Opinion affirming the trial court. Respondent has set out that summary in his Response, which summary is incorporated herein.

On May 17, 2011, Petitioner was convicted of two counts of felony possession of a controlled substance. (No. 0922-CR00725-01). On October 6, 2011, he was sentenced to two concurrent terms of imprisonment of seven years. (*Id.*). Petitioner has been released from prison and is currently on parole.

On November 7, 2011, Petitioner appealed his conviction. (No. ED97564). The Missouri Court of Appeals affirmed on December 26, 2012. *State v. Blanchard*, 400 S.W.3d 316 (Mo. Ct. App. 2012). Petitioner's application to transfer his appeal to the Supreme Court of Missouri was filed on January 10, 2013, and denied on June 25, 2013. (No. SC93391). While Petitioner's initial appeal was pending, he filed a Petition for Writ of Habeas Corpus in the Supreme Court of Missouri, which was denied on August 8, 2012. (No. SC92668).

On July 26, 2013, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. (No. 1322-CC09060). Counsel entered an appearance for Petitioner on November 6, 2013 and filed an amended motion on February 4, 2014. (*Id.*).

On December 4, 2013, while Petitioner's *pro se* motion for post-conviction relief was pending in state court, he filed a federal habeas petition, which was dismissed without prejudice for failing to exhaust administrative remedies.

In an order dated February 18, 2014, the state motion court denied Petitioner's amended motion for post-conviction relief. (No. 1322-CC09060). On

March 31, 2014, Petitioner filed an appeal of the state motion court's denial of his motion for post-conviction relief. The Missouri Appellate Court affirmed the denial of Petitioner's post-conviction relief on March 31, 2015.

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996.  When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached

> by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court

precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## Statute of Limitations

Congress provides a one-year window in which a habeas applicant can file a petition for writ of habeas corpus. That window opens at the conclusion of direct review. The window closes a year later. Failure to file within that one year window requires the court to dismiss the petition for writ of habeas corpus. 28 U.S.C. §2244(d) (1) (A); *See Cross-Bey v. Gammon*, 322 F.3d 1012 (8th Cir.), *cert. denied*, 540 U.S. 971 (2003). If an inmate does not seek a writ of certiorari on direct review, direct review concludes when the time limit for seeking further review expires. *Gonzales v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Under Missouri Supreme Court Rule 30.01, Rule 30.03, Rule 81.04, and Rule 81.08, the time limit for filing a notice of appeal is ten days after sentencing.

## Procedural Default

To preserve a claim for federal habeas review, a state prisoner "must present that claim to the state court and allow that court an opportunity to address [his or

her] claim." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* The federal habeas court will consider a procedurally defaulted claim only "where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992)). To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, "[t]he habeas petitioner must show 'not merely that the errors at...trial created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Lastly, in order to assert the fundamental miscarriage of justice exception, a petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

**Discussion**

Review under 28 U.S.C. § 2254 is a review to determine whether a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

**Ground One**: **Petitioner claims he was denied his 4th Amendment search and seizure protections**.

Petitioner argues that the original traffic stop was without probable cause and therefore, the evidence obtained in the subsequent searches of his car and apartment was inadmissible. He further claims that the consent forms which contained his signature were forged.

The Supreme Court of the United States has held that Fourth Amendment claims are not cognizable in a federal habeas action unless a petitioner did not receive a "full and fair opportunity" to litigate. *Stone v. Powell*, 428 U.S. 465, 494 (1976). The Eighth Circuit has interpreted *Stone* to allow Fourth Amendment claims as a cognizable basis for habeas relief in two distinct situations: (1) when the "state provided no procedure by which the prisoner could raise his Fourth Amendment claim," or (2) when "the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994) (en banc) (adopting the Second Circuit's test set out in *Capellan v. Riley*, 975 F.2d 67, 70 (2nd Cir. 1992)).

The first part of the test is "simple enough—either the state has a system available for raising Fourth Amendment claims or it does not (and we are unaware

of any state that does not)." *Id.* at 1272. Missouri provides a procedure for raising Fourth Amendment claims, including Missouri Supreme Court Rule 24.05 and Mo. Rev. Stat § 542.296. Petitioner does not fall under the first exception to the *Stone*-bar.

With respect to the second prong, whether a defendant was precluded from using the State's procedure due to an "unconscionable breakdown in the underlying process," the Eighth Circuit has stated that, "it will be the rare case where there is a failure of that mechanism that reaches constitutional dimensions." *Willett*, 37 F.3d at 1272. The Eighth Circuit further instructed that "federal courts on habeas review of such claims are not to consider whether full and fair litigation of the claims *in fact* occurred in the state courts, but only whether the state provided an opportunity for such litigation." *Id.* at 1273.

The State of Missouri unquestionably afforded Petitioner an opportunity for full and fair litigation of his claim. Additionally, there is no evidence that he may have been foreclosed from using the procedure because of an "unconscionable breakdown in the underlying process." *Id.* at 1272.

Indeed, the record establishes that Petitioner had a full suppression hearing and that on direct appeal, Petitioner raised the issue as a basis for seeking reversal. Both the trial court and the appellate court of Missouri addressed Petitioner's claim that he was denied his 4th Amendment rights. Petitioner was given full and fair

opportunities to raise the claim. Accordingly, Petitioner's Fourth Amendment claims are not cognizable under *Stone v. Powell*, and this Court will not grant relief on Ground One.

**Ground Two: The State Court violated Petitioner's 5th and 14th Amendment protections of Due Process.**

Plaintiff claims that the indictment charges were

without jurisdiction, [were] duplicity and multiplicity in nature, where actual innocence exist [sic]. The Petitioner is not a convicted prior offender, and the statue [sic] defining possession has not been properly applied in this case when the officer is also in possession of the defendant's vehicle when he personally drove it to the defendant's residence. The Judge's remark to the jury that "De-confliction Process is what they are doing in Iraq," and that "it does not matter whether there is a conspiracy," grossly prejudiced the defendant of a fair trial. The prosecutor in his closing argument also reminded the jury that there was no evidence of conspiracy, after he successfully [ ] had the evidence suppressed, committing prosecutorial misconduct. Violation of "Miranda Doctrine,"

Petitioner raised the following on direct appeal:

Point I: The trial court clearly erred in overruling Mr. Blanchard's motion to suppress evidence and in admitting into evidence the cocaine base, diazepam, and consent forms for the search of Mr. Blanchard's car and apartment because they were the fruits of an illegal search and seizure. The routine traffic stop lost its lawful character when Officer Schwerb told Mr. Blanchard he had information that he was selling drugs, as this was a matter unrelated to the traffic violation and extended the scope and duration of the stop. Officer Schwerb's further questioning and detention of Mr. Blanchard was not based on specific, reasonable, and articulable facts showing Mr. Blanchard was engaged in criminal activity. Thus, the trial court should have suppressed all evidence of Mr. Blanchard's statements and the officers' searches as fruit of the poisonous tree. The trial court's ruling denied Mr. Blanchard's right to due process of law, right against unlawful search and seizure, and right to a fair trial in violation of the Fourth, Fifth, Sixth, and

Fourteenth Amendments to the United States Constitution, and Article I, § 10, 15, and 18(a) of the Missouri Constitution.

Point II: The trial court clearly erred and abused its discretion in admitting State's Exhibits 1 and 2, photocopies of the written consent forms for the search of Mr. Blanchard's car and apartment, respectively, in that the best evidence rule applied, as the authenticity of the signature on State's Exhibit 1 and the contents of State's Exhibit 2 were directly in issue and the consent forms appeared to be untrustworthy. The erroneous admission of the evidence prejudiced Mr. Blanchard. But for the admission of the photocopies of the consent forms, State's Exhibits 1 and 2, there is a reasonable probability the outcome of trial would have been different. The trial court's ruling denied Mr. Blanchard's rights to due process of law and to a fair and impartial trial as guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, and Article I, §§ 10 and 18(a) of the Missouri Constitution.

Point III: The trial court clearly erred and abused its discretion in excluding the testimony of defense witnesses, Cindy Rirorean and Nick Yung, who would have testified the City of St. Louis Refuse Division made the calls that resulted in law enforcement's investigation of Mr. Blanchard for purposes of terminating Mr. Blanchard's employment with the division, because their testimony would have provided relevant and admissible evidence of motive. The erroneous exclusion of the evidence prejudiced Mr. Blanchard, in that had jurors heard these defense witnesses' testimony, there is a reasonable probability the outcome of trial would have been different. The trial court's ruling denied Mr. Blanchard's rights to due process of law, to present a defense, and to a fair trial as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 10 and 18(a) of the Missouri Constitution.

Clearly, Petitioner failed to raise any claims articulated in Ground Two on direct appeal. Petitioner presents no evidence in an attempt to establish good cause for his default. Ground Two will be denied as procedurally barred.

**Ground Three: The trial and appeals court violated Petitioner's 6th amendment protections.**

The petitioner claims he was denied effectiveness of counsel during suppression, trial, and on appeal when counsel failed to adequately prepare objections to the introduction of statements, drugs, duplicate consent forms, and hearsay testimony. He further claims trial counsel failed to prepare defendant for trial, and withdrew defendant's motion of discovery for missing documents, failed to subpoena exculpatory evidence, such as proper sign-out sheets for defendant's defense, yet he allowed inadequate documents into evidence without inspection: the police report and the traffic citation. Petitioner further challenges defense attorney's failure to retrieve video recordings at the intersection of the stop and resident complex in order to impeach officers' testimony and failed to afford defendant a chance to testify.

Although Petitioner brought several (105) grounds for relief in his *pro se* post-conviction motion, he did not raise the grounds set out in Ground Three in his appeal from the denial of his post-conviction motion. These claims are therefore procedurally barred.

**Ground Four: Trial and Appeals Court denied petitioner his 14th amendment protections by not allowing the defendant any of his bill of rights protections guaranteed under the U.S. Constitutional Amendments**

Similar to his Grounds Two and Three, Petitioner's claims that the trial court erred in excluding three defense witnesses, in admitting evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1973), and failing to provide him with a

"complete and correct depiction of the trial transcript," are procedurally barred. Petitioner did not raise a *Brady* claim or any claim about the propriety of the trial transcript in his direct appeal

Likewise, Petitioner's claim regarding the exclusion of the witnesses was not preserved at the trial by making an offer of proof of what the testimony would have been had the witnesses been allowed to testify. A federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question and that is adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991). The failure of the offer of proof is an independent and adequate ground relied on by the State Court. Ground Four is procedurally barred.

## Conclusion

Based upon the foregoing discussion and analysis, the Petition for Writ of Habeas Corpus is denied.

## Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11. If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the prisoner has shown "that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.; see also *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (interpreting *Slack* in the following manner: "1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted"). Petitioner's federal habeas petition is clearly time-barred under AEDPA, and no reasonable jurist could that find this case is timely filed. See *Slack*, 529 U.S. at 484; *Khaimov*, 297 F.3d at 786 Hence, no certificate of appealability will be issued.

Accordingly

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc. No. 1], is **DENIED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 28th day of March, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE